IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

EXHIBIT

A

| | | |
|---|---|---|
| ADAM BETHUNE, #183099 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:05-CV-1028-T |
| | ) | |
| SGT. TIMOTHY LOGAN, et al., | ) | |
| | ) | |
| Defendants | ) | |

**A F F I D A V I T**

Before me, a Notary Public in and for said County and State of Alabama at large, personally appeared Mr. Timothy Logan, who being known to me and being by me first duly sworn, deposes and says on oath as follows.

My name is Timothy Logan. I am currently employed as a Correctional Officer II with the Alabama Department of Corrections at Draper Correctional Center, Elmore, Alabama 36025. I am over twenty-one years of age.

On September 21, 2005, at approximately 6:30 AM, Officer Elizabeth Sheffield entered the Shift Office and advised that Inmate Adam Bethune, W/183099, failed to comply with her order to get up and also became insubordinate toward her. Sgt. Logan, along with Officer Sheffield, entered #3 Cell and approached Inmate Bethune's assigned bed (3-19). Sgt. Logan observed that Inmate Bethune's living area was not in compliance and he was still in bed. Inmate Bethune stated, "Look at everyone else still in bed. That woman is messing with me." Sgt. Logan ordered Inmate Bethune to get up. Inmate Bethune got up and stated directly to Sgt. Logan

in an insubordinate tone, "I'm going to have my folks call the Commissioner about this shit, that's not a threat that is a promise." Sgt. Logan then informed Inmate Bethune that he was going to be moved to #5 cell upstairs, Draper's behavior modification Cell due to his negative behavior. Inmate Bethune stated, "I'm not going to 5 up, you might as well do what the hell you gonna do." Sgt. Logan then escorted Inmate Bethune out of #3 Cell to the Shift Office. At no time did Sgt. Logan verbally threaten Inmate Bethune. Officer John Gordon who was present in the back office was asked to leave and report to the front office due to the back office being so small in size. Officer Gordon then exited the back office and reported to the front office. Sgt. Logan then escorted Inmate Bethune to the back office where Sgt. Brenda King was present. Sgt. Logan then verbally reprimanded Inmate Bethune on his negative behavior. At no time did Sgt. Logan "choke" or use any force on Inmate Bethune. Inmate Bethune continued to verbally threaten Sgt. Logan as Sgt. Logan was verbally reprimanding him by stating that he was going to have the Commissioner do something about this "crazy shit". At approximately 7:25 AM, Inmate Bethune was examined by LPN B. Pernell due to Inmate Bethune being placed in Administrative Segregation for violating rule #57 – Insubordination X 2. On September 20, 2005, Inmate Bethune received Disciplinary action for being Insubordinate toward Officer John Gordon (see attached Incident report). On September 21, 2005, at approximately 11:00 AM, Captain Joseph Womble advised Sgt. Logan that Inmate Bethune alleged that Sgt. Logan had choked him in the Shift Office. Captain Womble also advised that Inmate Bethune's neck appeared to be red. Sgt. Logan informed Captain Womble

that Inmate Bethune was not choked and also informed Captain Womble that

Inmate Bethune received a body chart at 7:25 AM, which indicated no signs of being

choked prior to being placed in a Segregation Cell.   At approximately

11:15 AM, Inmate Bethune was examined by LPN M. Adair which indicated

purple discoloration noted in his neck area (see attached medical forms) per

Captain Womble.  At approximately 1:10 PM, Sgt. Logan contact the Director of

Nursing RN Darrell Ellis and asked RN Ellis if he observed any signs of Inmate

Bethune being choked.   RN Ellis advised when Inmate Bethune entered the Health

Care Unit at 11:15 AM he observed some redness on Inmate Bethune's neck.  RN

Ellis then advised that he re-entered the room where Inmate Bethune was being

examined approximately 10 minutes from RN Ellis' first observance of Inmate

Bethune and observed a fresh red mark on his neck that was not present

approximately 10 minutes earlier.   It is believed that any marks on Inmate

Bethune's neck were self-inflicted.   At approximately 1:35 PM, Sgt. Logan

informed Captain Womble and Warden James DeLoach that Sgt. Logan was going

to initiate disciplinary action on Inmate Bethune for making false statement or

charge to a ALDOC employee or to prejudice another person.  On September 28,

2005, during the disciplinary hearing, Inmate Bethune again became insubordinate

toward Sgt. Logan and stated, "I'm going to get you and them stripes."

Approximately 3 weeks later, Inmate Bethune approached Sgt. Logan in the

Dinning hall and stated, "You give me back my good time and I won't sue you."  At

no time did Sgt. Logan physically abuse Inmate Bethune.  Sgt. Logan did verbally

reprimand Inmate Bethune on his negative behavior but never physically touched

Inmate Bethune.  See attached Incident Reports, Disciplinaries, and Medical forms.

_____
SGT. TIMOTHY LOGAN


SWORN TO AND SUBSCRIBED before me this _____ day of November, 2005.

_____
NOTARY PUBLIC

My commission expires _____

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
## INCIDENT REPORT

| 1. Institution: Draper Correctional Center | 2. Date: 9/21/2005 | 3. Time: 6:30 AM | 4. Incident Number: DCC 05-1226 | Class Code: C |
|---|---|---|---|---|

| 5. Locaton Where Incident Occurred: #3 Cell Bed #19 | 6. Type of Incident: #57 - Insubordination #41 - Making False Statement or Charge to a ADOC Employee with the Intent to Deceive the Employee or to Prejudice Another Person |
|---|---|

| 7. Time Incident Reported: 6:35 AM | 8. Who Received Report: Sgt. Timothy Logan *Logan, Cato* |
|---|---|

**9. Victims:**

| | Name | | AIS # |
|---|---|---|---|
| a. | N/A | No. | |
| b. | | No. | |
| c. | | No. | |

| 10. Suspects: | Name | | AIS # | 10. Witnesses: | Name | | AIS # |
|---|---|---|---|---|---|---|---|
| a. | Adam Bethune | No. | W / 183099 | a. | N/A | No. | |
| b. | | No. | | b. | | No. | |
| c. | | No. | | c. | | No. | |
| d. | | No. | | d. | | No. | |
| e. | | No. | | e. | | No. | |
| f. | | No. | | f. | | No. | |
| g. | | No. | | g. | | No. | |

**PHYSICAL EVIDENCE:**

12. EvidenceType:
N/A

13. Description of Evidence
N/A

14. Chain of Evidence
a. N/A
b.
c.
d.

15. Narrative Summary:      On September 21, 2005, Officer Elizabeth Sheffield was assigned as the Rover in #3 Cell. At approximately 6:30 AM, Officer Sheffield observed Inmate Adam Bethune, WM/183099, lying in his assigned bed #3-19.  Officer Sheffield approached Inmate Bethune and ordered Inmate Bethune to get up and put his personal items in his assigned locker box.  Inmate Bethune failed to comply with Officer Sheffield's direct order and stated directly to Officer Sheffield, "My shit is straight."  Inmate Bethune had clothing lying on the unassigned bed #3-20 as well as clothing under his mattress and around his living area.  At approximately 6:35 AM, Officer Sheffield reported the incident to Sgt. Timothy Logan.  Sgt. Logan entered #3 Cell and approached Inmate Bethune's assigned bed #3-19 where Inmate Bethune was still lying.  Sgt. Logan ordered Inmate Bethune to get up and get his living area in compliance. Inmate Bethune became very argumentative toward Sgt. Logan by stating, "Look at everybody else still in bed, that woman is messing with me."  Sgt. Logan once again ordered Inmate Bethune to get up and get his living area in compliance.  At this time Inmate Bethune got up and stated to Sgt. Logan, "I'm going to have my folks call the Commissioner about this shit."  Sgt. Logan stated to Inmate Bethune, Do not threaten me."  Inmate Bethune stated, "That's not a threat, that is a promise."  Sgt. Logan called via radio to the Shift Office and advised Officer John Gordon, Shift Clerk, that Inmate Bethune was going to be moved to #5 Cell upstairs, Draper's behavior modification Cell.  Inmate

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division     COPY to Deputy Commissioner fo Operations (Class A and B ONLY)
          COPY to Institutional File     COPY to Central Records Office
**ADOC Form 302-A - June 1, 2005**

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
## INCIDENT REPORT/DUTY OFFICER REPORT
### CONTINUATION

| Institution: Draper Correctional Center | Incident Number: DCC 05-1226 | Class Code: C |
|---|---|---|

| Date: 9/21/2005 | Type of Incident: #57 - Insubordination  #41 - Making False Statement or Charge to a ADOC Employee with the Intent to Deceive the Employee or to Prejudice Another Person |
|---|---|

15. Narrative Summary (Continued)  Page No.: 2 of 3

Bethune stated, "I'm not going to 5 up, you might as well do what the hell you gonna do." Sgt. Logan then escorted Inmate Bethune out of #3 Cell to the Shift Office. As Inmate Bethune was being verbally reprimanded, he continued to remark on how he was going to have the Commissioner do something about this "crazy shit." At approximately 7:00 AM, Sgt. Logan notified Lt. Issac Coach of Inmate Bethune's negative behavior. Sgt. Logan also informed Lt. Coach that on 9/20/05, Inmate Bethune became insubordinate toward Officer Gordon. At approximately 7:25 AM, Inmate Bethune was examined by LPN B. Pernell (see attached medical form). At approximately 7:45 AM, Captain Joseph Womble was notified of the incident. Inmate Bethune was placed in Administrative Segregation pending disciplinary action for rule violation #57 - Insubordination. No further action taken at this time.

COI Elizabeth Sheffield

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>Draper Correctional Center | Incident Number:<br>DCC 05-1226 | Class Code:<br>C |
|---|---|---|
| Date:<br>9/21/2005 | Type of Incident: #57 - Insubordination  #41 - Making False Statement or Charge to a ADOC Employee with the Intent to Deceive the Employee or to Prejudice Another Person | |

15. Narrative Summary (Continued) Page No.: 3 of 3

# **Addendum**

On September 21, 2005, at approximately 10:26 AM, Warden James DeLoach, Captain Joseph Womble and Lt. Vince Helms entered the Segregation Unit for Segregation review board. At approximately 10:53 AM, Captain Womble exited the Segregation Unit and instructed Officer John Gordon to report to his Office. Captain Womble then instructed Sgt. Brenda King to report to his Office. At approximately 11:00 AM, Warden DeLoach and Captain Womble entered the Shift Office. Warden DeLoach advised Sgt. Timothy Logan that Inmate Adam Bethune, W/183099, who was placed in Administrative Segregation at approximately 7:40 AM, alleges that Sgt. Logan choked Inmate Bethune to the point of being unconscious. Captain Womble then informed Sgt. Logan that Inmate Bethune's neck appeared to be red. At approximately 11:15 AM, Officer Nathaniel Iverson and Leroy Holyfield escorted Inmate Bethune to Staton's health care unit where he was re-examined by LPN M. Adair (see attached medical forms). At approximately 11:30 AM, Inmate Bethune was placed back in Administrative Segregation. At approximately 11:50 AM, LPN M. Adair entered Draper for pill call. LPN Adair advised Sgt. Logan that Inmate Bethune did not have redness or any signs of being choked or in a physical altercation for the first body chart. At approximately 1:10 PM, Sgt. Logan contacted DON (RN) Darrell Ellis and asked RN Ellis if he observed any signs of Inmate Bethune being involved in an altercation. RN Ellis advised that he observed Inmate Bethune when he entered the health care unit and observed some redness around his neck. RN Ellis then advised that approximately 10 minutes later he re-entered the room where Inmate Bethune was being examined for the second time and observed a fresh red mark on Inmate Bethune's neck that was not present 10 minutes earlier. At approximately 1:35 PM, Sgt. Logan informed Warden DeLoach of the aforementioned information. Sgt. Logan also advised Warden DeLoach that disciplinary action would be initiated. Inmate Bethune remained housed in Administrative Segregation pending disciplinary action for rule violation #41 - Making false statement or charge to a ALDOC employee or to prejudice another person. No further action taken at this time.

_Logan, CO B_

SGT. TIMOTHY LOGAN

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division     COPY to Deputy Commissioner fo Operations (Class A and B ONLY)
              COPY to Institutional File                              COPY to Central Records Office
                                                                      **ADOC Form 302-B - June 1, 2005**



ALDOC Form 225B

# ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

*DCC 05-1226-B*

. Inmate: <u>BETHUNE, Adam</u>　　　Custody: <u>Medium</u>　　　AIS: <u>W/183099</u>

. Facility: <u>Draper Correctional Center</u>

. The above inmate is being charged by <u>Officer Elizabeth Sheffield</u> with violation of rule number <u>57</u> specifically

<u>Insubordination</u> from regulation # <u>403</u> which occurred on or about

<u>September 21</u>, 20 <u>05</u> at (time) <u>6:30 AM</u> (am / pm), Location: <u>#3 Cell bed #19</u>

A hearing on this charge will be held after 24 hours from service.

. Circumstances of the violation(s) are as follows:

On September 21, 2005, at approximately 6:30 AM, Officer Elizabeth Sheffield ordered Inmate Adam Bethune, W/183099, to get up and get his living area in compliance. Inmate Bethune failed to comply with Officer Sheffield's lawful direct order and stated, "My shit is straight."

<u>9-21-2025</u>　　　　　　　<u>Elizabeth Sheffield COI</u>
　　Date　　　　　　　　　　Arresting Officer /Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the <u>22</u> day of <u>September</u>, 20 <u>05</u>, at (time) <u>1:18</u> (am / pm).

<u>Jerry Wyatt COI</u>　　　　　　　<u>refused to sign (Jerry Wyatt CRS)</u>
Serving Officer / Signature / Rank　　　Inmate's Signature / AIS Number

6. Witness desired? (NO) <u>refused to sign (Jerry Wyatt)</u>　(YES)
　　　　　　Inmate's Signature　　　　　　　　　　Inmate's Signature

7. If yes, list: _____

8. Hearing Date <u>9-26-05</u>　　Time <u>8:25 am</u>　　Place <u>DCC Seg Unit</u>

9. Inmate must be present at Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is/is not) capable of representing himself.

<u>R. Curry COST</u>
Signature / Hearing Officer

11. Plea: _____ Not Guilty _____ <u>Adam Bethune /183099</u> (Guilty)

12. The Arresting Officer, Inmate and all witnesses were sworn to tell the truth.

<u>R. Curry COST</u>
Signature / Hearing Officer

Annex C to AR 403 (Page 1 of 5)

*DOC 05-1226-B*

13. Arresting Officer's Testimony (at the hearing):

No statement due to guilty plea entered by Inmate Adam Bethune, WM/183099.

14. Inmate's Testimony:

I was talking to another Inmate when I said what I said.

Witness: N/A _____    Substance of Testimony:

N/A

Witness: N/A _____    Substance of Testimony:

N/A

Witness: N/A _____    Substance of Testimony:

N/A

15. The inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

_____
Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called

1. N/A _____    N/A _____

2. N/A _____    N/A _____

3. N/A _____    N/A _____

DCC 05-1226-B

17. After hearing all the testimony, the hearing Officer makes the following findings of fact:   (Be Specific)
    The Hearing Officer finds that:

    Finds that on 9/21/05, at approximately 6:30 AM, Officer Elizabeth Sheffield was in the process of getting her assigned post area cleaned in #3 Cell, Officer Sheffield gave Inmate Adam Bethune, WM/183099, a direct order to get out of bed and get his assigned living area clean. Inmate Bethune stated directly to Officer Sheffield, "My shit is straight" and refused to obey the direct order given to him. Finds that Inmate Bethune's actions violate Admin. Reg. #403 Rule #57 Insubordination.

18. Basis for Finding of Fact:

    Based on the sworn admittance guilt by Inmate Adam Bethune, W/183099, that on 9/21/05 at approximately 6:30 AM, he received a direct order from Officer Elizabeth Sheffield to get out of bed and get his assigned living area clean, Inmate Bethune state "my shit is straight" and refused to comply with the order given.  Accepts guilty plea from Inmate Bethune.

19. Hearing Officer's Decision:     __XXXX__   Guilty      _____   Not Guilty

20. Recommendation of Hearing Officer:

    Recommend 30 days loss of store, telephone, and visitation privileges.  Recommend 30 days disciplinary segregation due to second violation of Rule #57 within 10 days.  Refer to ICS and Social Services.

                        _____
                                Signature / Hearing Officer

                        LT. ISSAC L. COACH
                        _____
                                Typed Name and Title

21. Warden's Action - Date _____

    Approved         _____

    Disapproved      _____

    Other (Specify)  _____

22. Reason if more than 30 calendar days delay in action.  _____

    _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named
    inmate on this the __29th__ day of __September__, 20_05_, at (time) __9-35__   (am)/ pm).

    _____  C O I              _____
    Signature / Serving Officer / Title          Inmate's Signature and AIS Number

                                            Annex C to AR 403 (Page 3 of 5)

DCC 05 - 1226 A

LDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
### DISCIPLINARY REPORT

Inmate: BETHUNE, Adam          Custody: Medium          AIS: W/183099

Facility: Draper Correctional Center

The above inmate is being charged by  Sgt. Timothy Logan   with violation of rule number 41   specifically

Making false statement or charge to a ALDOC employee with intent*   from regulation # 403   which occurred on or about

September 21  , 20 05   at (time) 11:00 AM   (am / pm),  Location: Shift Office

A hearing on this charge will be held after 24 hours from service.

. Circumstances of the violation(s) are as follows:

On 9/21/05, at approximately 11:00 AM, Warden James DeLoach entered the Shift Office and informed Sgt. Timothy Logan that Inmate Adam Bethune, W/183099, alleged that Sgt. Logan had choked him earlier at approximately 6:40 AM. Inmate Bethune was examined by LPN B. Pernell, at approximately 7:25 AM. The medical form did not indicate any redness or bruises. At approximately 11:15 AM, Inmate Bethune was re-examined in which the medical form indicated purple discoloration to his neck. DON (RN) Darrell Ellis advised Sgt. Logan that when Inmate Bethune entered the Health Care Unit he did observe some redness. Approximately 10 minutes later RN Ellis advised that there appeared to be some new marks that were not present on his neck 10 minutes earlier. Therefore Inmate Bethune made a false statement with intent to deceive. Inmate Bethune was not choked at anytime.

9-22-05    1:35 PM                    Logan, COID
_____Date_____                   Arresting Officer /Signature / Rank

*to deceive the employee or to prejudice another person.

. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the 23 day of September , 200 5 , at (time) 6:30 (am / pm)

_____ C.O.I         X  Refused to Sign      , C.O.I
Serving Officer / Signature / Rank        Inmate's Signature / AIS Number

. Witness desired?   NO _____      YES  Adam B____ 183C
              Inmate's Signature              Inmate's Signature

. If yes, list: All the Health Care units Nurses.

_____

. Hearing Date 9-28-05        Time 9:44 AM        Place Segregation Hallway

. Inmate must be present at Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is) is not capable of representing himself.

Regina Page COID
_____Signature / Hearing Officer_____

11. Plea: Adam B____ 183099   Not Guilty _____ Guilty

12. The Arresting Officer, Inmate and all witnesses were sworn to tell the truth.

Regina Page COID
_____Signature / Hearing Officer_____

OCT RECEIVED 2005

Annex C to AR 403 (Page 1 of 5)

13. Arresting Officer's Testimony (at the hearing):                DCC05 - 1226 A

On 9/21/05, at approximately 11:00 AM, Warden James DeLoach entered the Shift Office and informed Sgt. Timothy Logan that Inmate Adam Bethune, WM/183099, alleged that Sgt. Logan had choked him earlier at approximately 6:40 AM. Inmate Bethune was examined by LPN B. Pernell, at approximately 7:25 AM. The medical form did not indicate any redness or bruises. At approximately 11:15 AM, Inmate Bethune was reexamined in which the medical form indicated purple discoloration to his neck. DON (RN) Darrell Ellis advised Sgt. Logan that when Inmate Bethune entered the Health Care Unit, he did observe some redness. Approximately 10 minutes later RN Ellis advised that there appeared to be some new marks that were not present on his neck 10 minutes earlier. Therefore Inmate Bethune made a false statement with intent to deceive. Inmate Bethune was not choked at any time. See attachments 1A and 1B.

14. Inmate's Testimony:

See attached Statement.

QUESTIONS TO INMATE FROM HEARING OFFICER;

Q1. Were you at the Health Care Unit from 7:25 AM to 11:25 AM? No.

Q2. Where were you? With Officer Richardson.

Witness: __Officer Irven Richardson_____    Substance of Testimony:

QUESTIONS FROM HEARING OFFICER TO OFFICER IRVEN RICHARDSON:

Q1. At what time did Inmate Bethune return to the Segregation Unit? At approximately 7:40 AM.
Q2. Was Inmate Bethune placed in a Segregation Cell? It took about 15 minutes to process him and after that, approximately 8:00 AM, he was placed in the cell.
Q3. Was he in the cell by himself? No. He was in the cell with one other Inmate.

Witness: __N/A_____    Substance of Testimony:




N/A

Witness: __N/A_____    Substance of Testimony:




N/A

15. The inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called

| | |
|---|---|
| 1. __All the Health Care Unit's Nurses__ | Inmate Bethune Stated and noted in writing on the back of his statement, |
| 2. __N/A__ | "I need no witnesses." |
| 3. __N/A__ | N/A |

DCCO5-1226A

7. After hearing all the testimony, the hearing Officer makes the following findings of fact:   (Be Specific)
   The Hearing Officer finds that:

   The Hearing Officer finds that on September 21, 2005, the defendant did make a false statement or charge to an Alabama Department of Corrections Employee when he stated he had been choked by Sgt. Timothy Logan.  Sgt. Logan testified under oath that he did not choke the defendant and submitted two (2) medical reports into evidence as proof.  The defendant offered no testimony to refute the accuracy of the Medical Reports.  Therefore, the Hearing Officer finds the defendant guilty of Rule violation #41.

18. Basis for Finding of Fact:

   Based on the sworn testimony of the Arresting Officer, who stated under oath he did not choke the defendant and the Medical Reports submitted as proof.  Also based on the defendant's inability to refute the accuracy of the evidence.

19. Hearing Officer's Decision:     XX _____ Guilty     _____ Not Guilty

20. Recommendation of Hearing Officer:
   Recommend 45 days Disciplinary Segregation, 45 days loss of all privileges, refer to Classifications, refer to Job Board, loss of one (1) year good time.

   OTHER COMMENTS:

   This is Inmate Bethune's 5th disciplinary this year.  6/05 - #90 - positive for use of marijuana, 8/05 - #90 - positive for use of marijuana, 9/23/05 - #57 - Insubordination, 9/26/05 - #57 - Insubordination

   _____
   Signature / Hearing Officer

   Sgt. Regina Page
   Typed Name and Title

21. Warden's Action - Date     9/30/05
    Approved
    Disapproved
    Other (Specify)     Reduce disq. Seg to (14) days, Reduce loss good time to (4) months.

22. Reason if more than 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this the 15th day of Oct , 20 05 , at (time) 6:50 (am/pm).

   R. Womack
   Signature / Serving Officer / Title

   X _____
   Inmate's Signature and AIS Number

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT (OPTIONAL)** DCC05- 1226 A

nmate Name / AIS Number _____     Incident Report No. _____

Facility:     _____

Continued Arresting Officer's (AO) Statement and/or Question by Hearing Officer (QBHO) to Arresting Officer:


QUESTIONS TO ARRESTING OFFICER FROM HEARING OFFICER;

Q1.  Did you choke him?   No. _____

Continued Inmate Statement and/or Questions by Hearing Officer (QBHO) to Inmate:




_____

Continued Witness Testimony (QBHO):




_____

Continued Findings of Facts:




_____

Continued Basis For Finding Of Fact:




_____

# Statement

ATTACHMENT 2

DOC05-1226-A

I Adam Bethune swear this statement
to be true. 183099

Sgt. Logan entered 3 cell on 9-21-05
at approx. 6.40am. After talking with inmate
Bethune he told him to get to the shift
office. I placed my hands behind my
back and Sgt. Logan stated "oh No" I'm
going to beat your a_s when I get you
to the shift office. After entering the shift
office Sgt. Logan shut the door, grabbed me by
the throat, slammed me into cabnint and choked
me until the point of almost passing out. I told
him and Sgt. King I was reporting this to the
warden and Captain as soon as they got here,
As soon as I seen the Warden and Captain
I reported what had happened. Captain Wombley
looked at my neck and sent me to get another
body chart.

Signed Adam Bethune 183099
9-26-05

CC-



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY | | ☐ SICK CALL | ☐ EMERGENCY |
|---|---|---|---|---|---|
| 09 /21/05 | 11 ☐AM ☐PM | _Staton_ ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | | | ☐ OUTPATIENT |

| ALLERGIES | NKA | CONDITION ON ADMISSION ☐GOOD ☐FAIR ☐POOR ☐SHOCK ☐HEMORRHAGE ☐COMA |
|---|---|---|

| VITAL SIGNS: TEMP | 97.9 (ORAL) RECTAL | RESP. 20 | PULSE 70 | B/P 112/80 | RECHECK IF SYSTOLIC <100> 50 |
|---|---|---|---|---|---|

| NATURE OF INJURY OR ILLNESS | | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|---|---|

S. Bodily Chair per Sg Dr
Capt. Wamble

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

O. 98% O2 Sat noted purple
discolorations on neck
Ø swelling noted Ø
Bleeding at this time.
Ø broken skin

A. Alteration IN Skin
INtegrity

P. HCP review

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**
RTC PRN

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | CONDITION ON DISCHARGE |
|---|---|---|---|
| 09/21/05 | 11:35 ☐AM ☐PM | ☐DOC ☐ AMBULANCE ☐ | ☐SATISFACTORY ☐POOR ☐FAIR ☐CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| _signature_ | 9/21/05 | | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Bethume, Adam | 193099 | 12/05/63 | W/M | Dorm. 004 |



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## EMERGENCY

| ADMISSION DATE 9 / 21 / 05 | TIME 7:?? AM/PM | ORIGINATING FACILITY Draper ☐ SIR ☐ PDL ☐ ESCAPEE ☐ ___ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

| ALLERGIES NKA | CONDITION ON ADMISSION ☒ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

VITAL SIGNS: TEMP __97'__ ORAL RECTAL    RESP. __20__    PULSE __92__ B/P __110/80__ 98%/P    RECHECK IF SYSTOLIC <100> 50 ___/___

NATURE OF INJURY OR ILLNESS

S-11 I got into an altercation with "the Supervisor".

| ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

PHYSICAL EXAMINATION

O - No visable bruses seen @ this time,

A - Body chart per DOC request

P - Return to DOC with Officer.

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

DIAGNOSIS  Body chart per DOC

INSTRUCTIONS TO PATIENT  RTC as needed.

| DISCHARGE DATE 9 / 21 / 05 | TIME 7:30 AM/PM | RELEASE / TRANSFERRED TO ☐ DOC ☒ AMBULANCE ☐ | CONDITION ON DISCHARGE ☒ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE B. Revell | DATE 9/21/05 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) Bethune, Adam | DOC# 183099 | DOB 12/25/73 | R/S W/M | FAC. Draper |
|---|---|---|---|---|

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
## INCIDENT REPORT

| 1. Institution: Draper Correctional Center | 2. Date: 9/20/2005 | 3. Time: 10:22 AM | 4. Incident Number: DCC 05-1217 | Class Code: C |
|---|---|---|---|---|

| 5. Locaton Where Incident Occurred: Draper Shift Office | 6. Type of Incident: #57 - Insubordination |
|---|---|

| 7. Time Incident Reported: 10:25 AM | 8. Who Received Report: Sgt. Timothy Logan |
|---|---|

**9. Victims:**

| | Name | | AIS # |
|---|---|---|---|
| a. | N/A | No. | |
| b. | | No. | |
| c. | | No. | |

**10. Suspects:**

| | Name | AIS # | | 10. Witnesses: | Name | | AIS # |
|---|---|---|---|---|---|---|---|
| a. | Adam Bethune | W / 183099 | No. | a. | N/A | No. | |
| b. | | | No. | b. | | No. | |
| c. | | | No. | c. | | No. | |
| d. | | | No. | d. | | No. | |
| e. | | | No. | e. | | No. | |
| f. | | | No. | f. | | No. | |
| g. | | | No. | g. | | No. | |

**PHYSICAL EVIDENCE:**

12. EvidenceType:
N/A

13. Description of Evidence
N/A

14. Chain of Evidence
a. N/A
b.
c.
d.

15. Narrative Summary:    On September 20, 2005, Officer John K. Gordon was assigned in the Draper Shift Office as Shift Clerk on the first shift.  At approximately 10:22 AM, Inmate Adam Bethune, WM/183099, entered the Shift Office and demanded that Officer John K. Gordon, allow Inmate Bethune to eat chow.  Inmate Bethune stated that he had been turned around in the Kitchen for not shaving and now Inmate Bethune could not get back to the Kitchen to eat.  Officer Gordon advised Inmate Bethune that one-way traffic for inmates to go up the hallway only from the end door had been called and that he had missed chow.  Officer Gordon apprised Sgt. Timothy Logan via two-way radio of Inmate Bethune's situation and was advised that Inmate Bethune had missed chow.  Officer Gordon informed Inmate Bethune that he had missed chow.  Inmate Bethune stated directly to Officer Gordon, "All you motherfuckers are crazy!"  Inmate Bethune departed the Shift Office.  Officer Gordon went to the Shift Office door and observed Inmate Bethune standing near Captain Joseph Womble's Office.  Officer Gordon informed Inmate Bethune that he would be receiving a disciplinary.  Inmate Bethune stated, "Do you need a pencil?"  At approximately 10:25 AM, Officer Gordon radioed Sgt. Logan in the Kitchen via two-way radio and advised him that Inmate Bethune would be receiving a disciplinary for Insubordination.  Sgt. Logan advised Officer Gordon to have Inmate Bethune report to the Kitchen.  Officer Gordon ordered Inmate Bethune to report to Sgt. Logan where Inmate Bethune was verbally reprimanded on his negative

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division
         COPY to Institutional File

COPY to Deputy Commissioner fo Operations (Class A and B ONLY)
COPY to Central Records Office
**ADOC Form 302-A - June 1, 2005**

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: Draper Correctional Center | Incident Number: DCC 05-1217 | Class Code: C |
|---|---|---|

| Date: 9/20/2005 | Type of Incident: #57 - Insubordination | |
|---|---|---|

**15. Narrative Summary (Continued) Page No.: 2 of 2**

behavior towards Officer Gordon.  At approximately 10:45 AM, Inmate Bethune returned to the Shift Office and apologized for his actions to Officer Gordon.  Officer Gordon stated to Inmate Bethune, "Okay" but that he still would be receiving a disciplinary.  Inmate Bethune stated to Officer Gordon, "Write four (4)."  Disciplinary action was taken against Inmate Bethune for violation of rule #57 - Insubordination.  No further action taken at this time.

CO1 John Gordon

ALDOC Form 225B

# ALABAMA DEPARTMENT OF CORRECTIONS DCC 05-1217
## DISCIPLINARY REPORT

1. Inmate: BETHUNE, Adam          Custody: Medium          AIS: WM/183099
2. Facility: Draper Correctional Center
3. The above inmate is being charged by  Officer John K. Gordon  with violation of rule number 57  specifically
Insubordination  from regulation # 403  which occurred on or about
September 20 , 20 05  at (time) 10:22 AM  (am / pm), Location: Draper Shift Office
A hearing on this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows:

On September 20, 2005, at approximately 10:22 AM, Inmate Adam Bethune, WM/183099, entered the Shift Office and demanded that
Officer John K. Gordon, Shift Clerk, allow Inmate Bethune to eat chow. After advising Inmate Bethune that one-way traffic up the hall
had been called and after consulting with Sgt. Timothy Logan via two-way radio, Officer Gordon informed Inmate Bethune that he had
missed chow. Inmate Bethune stated directly to Officer Gordon, "All you motherfuckers are crazy!" When Officer Gordon informed
Inmate Bethune that he would receive disciplinary action, Inmate Bethune stated to Officer Gordon, "Do you need a pencil?"

09-21-05
_____
Date

_____
Arresting Officer /Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed
inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the
witnesses on this the 21 day of September, 20 05, at (time) 12:15 (am / pm).

_____
Serving Officer / Signature / Rank

_____
Inmate's Signature / AIS Number

6. Witness desired?  (NO)          YES
_____          _____
Inmate's Signature                    Inmate's Signature

7. If yes, list: _____

8. Hearing Date 9-23-05          Time 7:55 am          Place DCC Seg unit

9. Inmate must be present at Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is) is not) capable of representing himself.
_____
Signature / Hearing Officer

11. Plea: _____ Not Guilty          183099  (Guilty)

12. The Arresting Officer, Inmate and all witnesses were sworn to tell the truth.
_____
Signature / Hearing Officer

Annex C to AR 403 (Page 1 of 5)

JCC 05-1217

13. Arresting Officer's Testimony (at the hearing):

No statement due to guilty plea from Inmate Adam Bethune, WM/183099.

14. Inmate's Testimony:

I admit I was wrong for cursing at Officer Gordon.
QUESTION TO INMATE BETHUNE FROM HEARING OFFICER: (1) Did you curse at Officer Gordon on 9/20/05 in the Shift Office?  Yes I did and I'm sorry.

Witness: N/A _____          Substance of Testimony:

N/A _____
Witness: N/A _____          Substance of Testimony:

N/A _____
Witness: N/A _____          Substance of Testimony:

N/A _____

15. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.
_____
Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called
  1.  N/A _____          N/A _____
  2.  N/A _____          N/A _____
  3.  N/A _____          N/A _____

DCC 05-1217

7. After hearing all the testimony, the hearing Officer makes the following findings of fact:   (Be Specific)
The Hearing Officer finds that:

On 9/20/05, at approximately 10:22 AM, Officer John Gordon did advise Inmate Adam Bethune, WM/183099, that he could not exit down the hallway to the Kitchen.  Inmate Bethune became angry and upset at which time Inmate Bethune stated directly to Officer Gordon, "All you motherfuckers are crazy!"  Finds that Inmate Bethune's actions violates Administrative Regulation #403 - Rule #57 - Insubordination.

18. Basis for Finding of Fact:

Based on Inmate Adam Bethune's admittance of guilt that on 9/20/05, at approximately 10:22 AM, he was insubordinate towards Officer John Gordon.  Accepts Inmate Bethune's guilty plea.

19. Hearing Officer's Decision:          XX          Guilty          _____  Not Guilty

20. Recommendation of Hearing Officer:

Recommend loss of store, visitation, and telephone privileges for 30 days.  30 days assignment to Disciplinary Segregation. Refer to ICS and Social Services

_____
Signature / Hearing Officer

LT. ISSAC L. COACH
_____
Typed Name and Title

21. Warden's Action - Date _____

Approved _____

Disapproved _____

Other (Specify) _____

_____

22. Reason if more than 30 calendar days delay in action. _____

_____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this the   29   day of   September  , 20 05 , at (time)  9:36   (am / pm).

Jerry Wyatt CO1
_____
Signature / Serving Officer / Title

Adam Bethune 183099
_____
Inmate's Signature and AIS Number

## SEGREGATION REVIEW CHECKLIST

NAME _Adam Bethune_    AIS _183099_    R&S _W/n_    DATE _9-23-05_

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Disciplinary Record | | | | | | | | | | | | | | | | |
| Past Criminal Record | | | | | | | | | | | | | | | | |
| Past Institutional Record | | | | | | | | | | | | | | | | |
| Psychological Make-up | | | | | | | | | | | | | | | | |
| Involvement in Criminal Activities While Incarcerated | | | | | | | | | | | | | | | | |
| Institutional Work Record | | | | | | | | | | | | | | | | |
| Adjustment to Institutional Programs | | | | | | | | | | | | | | | | |
| Institutional Living Adjustment | | | | | | | | | | | | | | | | |
| Attitude Toward Authority | X | | | | | | | | | | | | | | | |
| Subsequent Disciplinary While in Segregation | | | | | | | | | | | | | | | | |
| Length of Time Served | | | | | | | | | | | | | | | | |
| ADDITIONAL FACTORS | | | | | | | | | | | | | | | | |
| General housekeeping of living area | | | | | | | | | | | | | | | | |
| Compliance with regulations concerning personal appearance | | | | | | | | | | | | | | | | |
| Cooperativeness during searches | | | | | | | | | | | | | | | | |
| Movement to and from exercise | | | | | | | | | | | | | | | | |
| Return of eating utensils | | | | | | | | | | | | | | | | |
| Relation to other inmates and to staff | X | | | | | | | | | | | | | | | |

Purpose of the Review                                    Staff Participants

_____ Disciplinary Hearing _L. Pvancost_

_____ Disciplinary Review _____

_____ Institution Board _____

_____ Department Board _____

Other Information Considered and/or Persons Interviewed (List)

Final Decision: