IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

EXHIBIT B

| | |
|---|---|
| ADAM BETHUNE, #183099 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:05-CV-1028-T |
| ) | |
| SGT. TIMOTHY LOGAN, et al., ) | |
| ) | |
| Defendants ) | |

A F F I D A V I T

Before me, a Notary Public in and for said County and State of Alabama at large, personally appeared Mr. John Gordon, who being known to me and being by me first duly sworn, deposes and says on oath as follows.

My name is John Gordon. I am currently employed as a Correctional Officer I with the Alabama Department of Corrections at Draper Correctional Center, Elmore, Alabama 36025. I am over twenty-one years of age.

On September 21, 2005, I, Officer John Gordon, was assigned to the Shift Office on First Shift as Clerk. I heard over the two-way radio that Officer Sheffield was having a problem with Inmate Adam Bethune, WM/183099. A few minutes later Inmate Bethune walked into the Shift Office with Sgt. Logan following behind heading to the back office which directly connects to the front office. Sgt. King was present in the rear office. There is a door with a window and a large window on the wall between the two offices. This door was closed while Inmate Bethune was in the back office. Due to the fact that the Shift Office is Central command for Draper Correctional Center and was very busy this date and time, there is nothing

significant that Officer Gordon remembers occurring within the Shift Office. However, Officer Gordon did recognize Inmate Bethune due to the fact that Inmate Bethune became insubordinate with Officer Gordon the day before on September 20, 2005 in which Disciplinary action was initiated against Inmate Bethune for violation of rule #57 – Insubordination. At no time did Officer Gordon see Sgt. Logan abuse, physically touch, threaten or choke Inmate Bethune as he alleges in his lawsuit. Furthermore Officer Gordon also did not hear any type of altercation occurring between Sgt. Logan and Inmate Bethune due to him stating that he was slammed into a file cabinet by Sgt. Logan. At no time did Officer Gordon observe any type of force or excessive force used against Inmate Bethune. As for Sgt. Logan asking Officer Gordon to leave the back office, Officer Gordon does not remember even though he could have been leaving out anyway after retrieving/returning keys to the key rack which is located in the rear office. Officer Gordon did not leave out of the Shift Office and remained in the front office with the main door open for Inmates to enter or exit the Office while Inmate Bethune was in the back office. Officer Gordon did not violate Inmate Bethune's civil rights in any form. See attached incident report and disciplinary issued to Inmate Bethune by Officer John Gordon.

_____
JOHN GORDON, CO I

SWORN TO AND SUBSCRIBED BEFORE ME THIS 30th DAY OF November, 2005.

_____
NOTARY PUBLIC

My Commission expires 8-1-07

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
# INCIDENT REPORT

| 1. Institution: Draper Correctional Center | 2. Date: 9/20/2005 | 3. Time: 10:22 AM | 4. Incident Number: DCC 05-1217 | Class Code: C |
|---|---|---|---|---|
| 5. Locaton Where Incident Occurred: Draper Shift Office | | 6. Type of Incident: #57 - Insubordination | | |
| 7. Time Incident Reported: 10:25 AM | | 8. Who Received Report: Sgt. Timothy Logan | | |

9. Victims:
  a. N/A    No. ____  AIS # ____
  b. ____   No. ____
  c. ____   No. ____

| 10. Suspects: Name | AIS # | 10. Witnesses: Name | AIS # |
|---|---|---|---|
| a. Adam Bethune | No. W / 183099 | a. N/A | No. ____ |
| b. | No. | b. | No. |
| c. | No. | c. | No. |
| d. | No. | d. | No. |
| e. | No. | e. | No. |
| f. | No. | f. | No. |
| g. | No. | g. | No. |

PHYSICAL EVIDENCE:
12. EvidenceType:
N/A

13. Description of Evidence
N/A

14. Chain of Evidence:
a. N/A
b.
c.
d.

15. Narrative Summary:   On September 20, 2005, Officer John K. Gordon was assigned in the Draper Shift Office as Shift Clerk on the first shift. At approximately 10:22 AM, Inmate Adam Bethune, WM/183099, entered the Shift Office and demanded that Officer John K. Gordon, allow Inmate Bethune to eat chow. Inmate Bethune stated that he had been turned around in the Kitchen for not shaving and now Inmate Bethune could not get back to the Kitchen to eat. Officer Gordon advised Inmate Bethune that one-way traffic for inmates to go up the hallway only from the end door had been called and that he had missed chow. Officer Gordon apprised Sgt. Timothy Logan via two-way radio of Inmate Bethune's situation and was advised that Inmate Bethune had missed chow. Officer Gordon informed Inmate Bethune that he had missed chow. Inmate Bethune stated directly to Officer Gordon, "All you motherfuckers are crazy!" Inmate Bethune departed the Shift Office. Officer Gordon went to the Shift Office door and observed Inmate Bethune standing near Captain Joseph Womble's Office. Officer Gordon informed Inmate Bethune that he would be receiving a disciplinary. Inmate Bethune stated, "Do you need a pencil?" At approximately 10:25 AM, Officer Gordon radioed Sgt. Logan in the Kitchen via two-way radio and advised him that Inmate Bethune would be receiving a disciplinary for Insubordination. Sgt. Logan advised Officer Gordon to have Inmate Bethune report to the Kitchen. Officer Gordon ordered Inmate Bethune to report to Sgt. Logan where Inmate Bethune was verbally reprimanded on his negative

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division
COPY to Institutional File

COPY to Deputy Commissioner fo Operations (Class A and B ONLY)
COPY to Central Records Office

ADOC Form 302-A - June 1, 2005

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
# INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: Draper Correctional Center | Incident Number: DCC 05-1217 | Class Code: C |
|---|---|---|
| Date: 9/20/2005 | Type of Incident: #57 - Insubordination | |

**15. Narrative Summary (Continued) Page No.: 2 of 2**

behavior towards Officer Gordon. At approximately 10:45 AM, Inmate Bethune returned to the Shift Office and apologized for his actions to Officer Gordon. Officer Gordon stated to Inmate Bethune, "Okay" but that he still would be receiving a disciplinary. Inmate Bethune stated to Officer Gordon, "Write four (4)." Disciplinary action was taken against Inmate Bethune for violation of rule #57 - Insubordination. No further action taken at this time.

COI John Gordon

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division
COPY to Institutional File
COPY to Deputy Commissioner fo Operations (Class A and B ONLY)
COPY to Central Records Office

ADOC Form 302-B - June 1, 2005

LDOC Form 225B

# ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

DCC 05-1217

Inmate: BETHUNE, Adam   Custody: Medium   AIS: WM/183099

Facility: Draper Correctional Center

The above inmate is being charged by Officer John K. Gordon with violation of rule number 57 specifically Insubordination from regulation # 403 which occurred on or about September 20, 2005 at (time) 10:22 AM (am / pm), Location: Draper Shift Office

A hearing on this charge will be held after 24 hours from service.

Circumstances of the violation(s) are as follows:

On September 20, 2005, at approximately 10:22 AM, Inmate Adam Bethune, WM/183099, entered the Shift Office and demanded that Officer John K. Gordon, Shift Clerk, allow Inmate Bethune to eat chow. After advising Inmate Bethune that one-way traffic up the hall had been called and after consulting with Sgt. Timothy Logan via two-way radio, Officer Gordon informed Inmate Bethune that he had missed chow. Inmate Bethune stated directly to Officer Gordon, "All you motherfuckers are crazy!" When Officer Gordon informed Inmate Bethune that he would receive disciplinary action, Inmate Bethune stated to Officer Gordon, "Do you need a pencil?"

09-21-05
Date

John K. Gordon, COI
Arresting Officer /Signature / Rank

I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the 21 day of September, 2005, at (time) 12:15 (am / pm).

Jimmy Wyatt CO 1
Serving Officer / Signature / Rank

Inmate's Signature / AIS Number

Witness desired? NO
Inmate's Signature

YES
Inmate's Signature

If yes, list: _____

Hearing Date 9-23-05   Time 7:55 am   Place DCC Seg Unit

Inmate must be present at Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is) is not capable of representing himself.

_____ / COI
Signature / Hearing Officer

11. Plea: _____ Not Guilty    A. Bethune 183099  (Guilty)

12. The Arresting Officer, Inmate and all witnesses were sworn to tell the truth.

_____ / COI
Signature / Hearing Officer

Annex C to AR 403 (Page 1 of 5)

13. Arresting Officer's Testimony (at the hearing):

No statement due to guilty plea from Inmate Adam Bethune, WM/183099.

14. Inmate's Testimony:

I admit I was wrong for cursing at Officer Gordon.
QUESTION TO INMATE BETHUNE FROM HEARING OFFICER: (1) Did you curse at Officer Gordon on 9/20/05 in the Shift Office? Yes I did and I'm sorry.

Witness: N/A _____ Substance of Testimony:

N/A

Witness: N/A _____ Substance of Testimony:

N/A

Witness: N/A _____ Substance of Testimony:

N/A

15. The inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

_____
Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called
   1. N/A                                       N/A
   2. N/A                                       N/A
   3. N/A                                       N/A

Annex C to AR 403 Page 2 of 5

. After hearing all the testimony, the hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that:

On 9/20/05, at approximately 10:22 AM, Officer John Gordon did advise Inmate Adam Bethune, WM/183099, that he could not exit down the hallway to the Kitchen. Inmate Bethune became angry and upset at which time Inmate Bethune stated directly to Officer Gordon, "All you motherfuckers are crazy!" Finds that Inmate Bethune's actions violates Administrative Regulation #403 - Rule #57 - Insubordination.

3. Basis for Finding of Fact:

Based on Inmate Adam Bethune's admittance of guilt that on 9/20/05, at approximately 10:22 AM, he was insubordinate towards Officer John Gordon. Accepts Inmate Bethune's guilty plea.

9. Hearing Officer's Decision:    __XX__ Guilty    _____ Not Guilty

10. Recommendation of Hearing Officer:

Recommend loss of store, visitation, and telephone privileges for 30 days. 30 days assignment to Disciplinary Segregation. Refer to ICS and Social Services

_____
Signature / Hearing Officer
LT. ISSAC L. COACH
Typed Name and Title

11. Warden's Action - Date  9/26/05
Approved _____
Disapproved _____
Other (Specify) _____

22. Reason if more than 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this the __29__ day of __September__, 20__05__, at (time) __9:36__ (am / ~~pm~~).

Jerry Wyatt CO1
Signature/ Serving Officer / Title

Adam Bethune 183099
Inmate's Signature and AIS Number

Annex C to AR 403 (Page 3 of 5)

## SEGREGATION REVIEW CHECKLIST

E _Adam Bethune_   AIS _183099_   R&S _W/m_   DATE _9-23-05_

| Factor | Mark |
|---|---|
| …sciplinary Record | |
| …st Criminal Record | |
| …st Institutional Record | |
| …ychological Make-up | |
| …volvement in Criminal Activities While Incarcerated | |
| …stitutional Work Record | |
| …djustment to Institutional Programs | |
| …stitutional Living Adjustment | |
| …ttitude Toward Authority | X |
| Subsequent Disciplinary While in Segregation | |
| Length of Time Served | |
| …DITIONAL FACTORS | |
| General housekeeping of living area | |
| Compliance with regulations concerning personal appearance | |
| Cooperativeness during searches | |
| Movement to and from exercise | |
| Return of eating utensils | |
| Relation to other inmates and to staff | X |

…rpose of the Review

Staff Participants

_____ Disciplinary Hearing _[signatures] L. Luvoycost_

_____ Disciplinary Review _____

_____ Institution Board _____

_____ Department Board _____

Other Information Considered and/or Persons Interviewed (List)

Final Decision: